IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY LEA ) | |
| ) | |
| v. ) | No. 3:15-0595 |
| ) | Judge Trauger/Bryant |
| FARMERS NATIONAL BANK, ET AL. ) | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I.

By order entered May 28, 2015, this matter was referred to the undersigned for, e.g., a frivolity review. (Docket Entry No. 3) Plaintiff is proceeding *pro se* and *in forma pauperis*. Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B)(i), the district court shall dismiss a pauper's case at any time if it is determined that the action is frivolous or malicious. On July 27, 2015, the Magistrate Judge found the case to be legally frivolous by reason of improper venue in this district, and recommended dismissal without prejudice to refiling in an appropriate forum. (Docket Entry No. 7) Plaintiff objected to this recommendation and moved for leave to amend his complaint, in order to show a connection to this district by, e.g., adding defendants who are Nashville residents. This objection was sustained by the Court on September 8, 2015, when plaintiff's motion to amend was granted and the case was returned to the undersigned for further handling under the original referral order. (Docket Entry No. 11)

Respectfully, the undersigned finds that the amendment to plaintiff's

complaint does not cure his venue problem. The undersigned therefore renews his recommendation that the case be DISMISSED without prejudice to refiling in an appropriate forum.

## II.

This matter involves an apparently longstanding dispute over the alleged breach of a loan guarantee agreement to which plaintiff claims third-party beneficiary status. According to the amended complaint, this agreement guaranteed the mortgage loan secured by plaintiff, an African American, for the purchase of a farm in Alvaton, Kentucky. (Docket Entry No. 13 at ¶¶ 1-3) On May 27, 2014, plaintiff filed for bankruptcy. Id. at ¶ 4. Two days later, on May 29, 2014, with plaintiff having long been in default, id. at ¶ 26, the lender and first mortgage holder, defendant Farmers National Bank, foreclosed upon the mortgaged property without receiving relief from the automatic bankruptcy stay. Id. at ¶ 8. The property was thereafter sold without the permission of the Bankruptcy Court, which did not grant relief from the automatic stay to Farmers National Bank until June 4, 2014. Id. at ¶¶ 4, 12. The loan was guaranteed by the U. S. Department of Agriculture (USDA), id. at ¶ 1, with which plaintiff is in litigation before the U.S. Court of Federal Claims. Id. at ¶ 15. Although the proceeds of the foreclosure sale exceeded the amount of the obligation under the first mortgage, Farmers National Bank kept all proceeds of the sale and made no remittance to the second mortgage holder, the USDA. Id. at ¶¶ 17, 19. However, Farmers National Bank represented to the Warren County Circuit Court that it was allowed to collect over $50,000 in attorneys' fees, evidently from the overage in proceeds. Id. at ¶ 24. The bankruptcy case has now been dismissed. Id. at p. 13.

Invoking this Court's federal question jurisdiction, id. at p. 1, plaintiff has sued on the federally guaranteed contract, originally naming as defendants Farmers National Bank in Scottsville, Kentucky; Warren County, Kentucky; and three individuals who reside in Bowling Green, Kentucky. (Docket Entry No. 1) In the caption of his amended complaint, plaintiff adds as defendants "MarketStreet Equities Investment Company" and "Steve Turner - CEO of Farmers National Bank," as well as the U.S. Department of Agriculture. (Docket Entry No. 13 at 1) In the section of the amended complaint where "Parties to the Suit" are named, defendant Turner is further identified as "CEO and Chairman of Farmers National Bank[;] . . . Mr. Turner also owns 'MarketStreet Equities' the holding company for Farmers National Bank. By DEFINITION [a] 'Holding Company' [is] a parent corporation, limited liability company or limited partnership that owns enough voting stock in another company to control its policies and management." Id. at 2. Furthermore, defendant Farmers National Bank is identified as "a Kentucky Corporation that is controlled by a Tennessee Corporation and [a] Tennessee Resident is the CEO and Chairman of the Board." Id. MarketStreet Equities Investment Company ("MarketStreet") is not included in the naming of "Parties to the Suit."

The property that is the subject of this lawsuit lies in Kentucky. The borrower on the loan guarantee agreement to which plaintiff claims third-party beneficiary status, Corey Lea, Inc., is a dissolved Kentucky corporation. Id. at pp. 13, 16. Plaintiff himself resided in Kentucky prior to relocating to Tennessee. Litigation concerning the matter has taken place in Kentucky state court, and the amended complaint reveals that plaintiff at least attempted to take these issues up with federal courts sitting in Kentucky before filing the instant complaint, as he asserts the following:

This action has not been litigated by the Bankruptcy Court. The Bankruptcy Judge passed on adversary proceedings as well as the district court for the Western District of Kentucky. The plaintiff is now a residen[t] of Tennessee and is bringing this action in the district in which he lives.

Id. at pp. 12-13.[1]

### III.

Findings of frivolity have been upheld where the action was not filed in an appropriate venue. Caldwell v. Medical Council of California, 1997 WL 234612 (6th Cir. May 6, 1997); see also Caldwell v. Freeman, 2007 WL 114811 (M.D. Tenn. Jan. 10, 2007). The venue statute, 28 U.S.C. § 1391, provides in pertinent part as follows:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Given the residency of the named defendants in different states, and the location of the subject property in Kentucky, it appears that the only vehicle for proper

---

[1] See also Lea v. Farmers National Bank, 2015 WL 5308087, at *2-3 (Ky. Ct. App. Sept. 11, 2015) (reciting related litigation history in Kentucky federal and state courts).

venue in this district would be if a substantial part of the events or omissions giving rise to plaintiff's claims occurred here. However, the only possible connection between the Middle District of Tennessee and the events or omissions described in the amended complaint is the conclusory reference to Farmers National Bank's actions being controlled by a Tennessee resident (defendant Turner) through his Tennessee company (defendant MarketStreet). (Docket Entry No. 13 at p. 2) The only other reference to these defendants in the entire amended complaint is the allegation that Turner and MarketStreet knew that the automatic bankruptcy stay and the rules and regulations governing the contract were being violated. Id. at ¶ 23. It is simply impossible to conclude from these scant additions to the complaint that "a *substantial* part of the events or omissions giving rise to the claim" occurred in this district. 28 U.S.C. § 1391(b)(2) (emphasis supplied). Thus, this case is improperly venued.

Section 1406(a) of the U.S. Code, Title 28, states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Accord Clayton v. Heartland Resources, Inc., 2008 WL 2697430, at *2 (M.D. Tenn. June 30, 2008) ("[A] dismissal or transfer is mandatory and made pursuant to § 1406(a) when venue is improper[.]"). This action could have been brought in the Western District of Kentucky, which encompasses Allen County (where Farmers National Bank is located) and Warren County (which itself is sued, and where the subject property lies and the individual defendants reside). However, the fact that plaintiff has apparently already litigated or attempted to litigate facets of this dispute before that court, coupled with plaintiff's recent motion to stay proceedings in the instant case pending the resolution of summary judgment motions in the case pending before the Court of Federal Claims (Docket

5

Entry No. 5), leads the undersigned to conclude that the transfer of this case would not be in the interest of justice, and that dismissal is therefore appropriate.

IV.

Accordingly, the Magistrate Judge recommends that this case be DISMISSED without prejudice to refiling in an appropriate forum.

Plaintiff has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 6th day of January, 2016.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE