# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| COREY LEA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:15-cv-00595 |
| | ) | Judge Trauger |
| FARMERS NATIONAL BANK, ET AL., | ) | Magistrate Judge Bryant |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On January 6, 2016, the magistrate judge issued a Report and Recommendation (Docket No. 18), to which the plaintiff has filed an Objection that is coupled with other motions (Docket No. 20). The magistrate judge has recommended, for the second time, that this case be dismissed for improper venue. This is a dispositive pretrial matter.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Following the first recommendation, the plaintiff was allowed to file a First Amended Complaint, "adding defendants who may cure her venue problem." (Docket No. 11). However, the magistrate judge has found venue improper in this district, even with the addition of defendants located in this district. Now, once again faced with a recommended dismissal for improper venue, the plaintiff moves to file a Second Amended Complaint, which she has attached to her Objection document (Docket No. 20-1). The court has reviewed this proposed Second Amended Complaint and finds the filing of this Second Amended Complaint would still

not cure her venue problems.  Repeated allegations in the Second Amended Complaint that MarketStreet Equities, a Tennessee Corporation, "is the nerve center for Farmers National Bank" and that Tennessee residents MarketStreet Equities and James Steve Turner (owner of MarketStreet Equities and CEO and Chairman of Farmers National Bank) "control the decision making at Farmers National Bank" are simply insufficient to establish that a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in the Middle District of Tennessee.

It is clear to both the magistrate judge and this court that this action belongs in Kentucky and that the plaintiff has only filed it in this district because he is now living in this district.  It is unfortunate, in this court's view, if the Bankruptcy Court gave no remedy to the plaintiff for a violation of the automatic stay, if, in fact, that violation occurred.  Certainly the plaintiff could have appealed that ruling by the Bankruptcy Court to the Sixth Circuit Court of Appeals, rather than attempting to have a second or third bite at the apple by filing this same lawsuit in an improper venue.  Perhaps the plaintiff will be granted some relief by the Court of Claims, where he apparently also has litigation pending.

For the reasons expressed herein, it is hereby ORDERED that the plaintiff's objections to the Report and Recommendation are OVERRULED, and the Report and Recommendation is ACCEPTED and made the findings of fact and conclusions of law of this court.  For the reasons expressed therein and herein, this case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous for having been filed in an improper venue.  *Caldwell v. Medical Council of California*, 1997 WL 234612 (6th Circuit May 6, 1997).

The plaintiff's Motion for Leave to File Second Amended Complaint (contained within Docket No. 20) is DENIED as futile, his Motion to Strike Motion to Stay (contained within

Docket No. 20) is DENIED as moot, and his Motion to Withdraw IFP Status (Docket No. 24) is DENIED as moot.

This dismissal is without prejudice to the plaintiff refiling in the proper venue. This Order constitutes the judgment in this case.

It is so **ORDERED.**

Enter this 23rd day of February 2016.

ALETA A. TRAUGER
U.S. District Judge